IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lance R., | ) | Case No.: 5:22-cv-02947-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Martin J. O'Malley,[1] Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West ("Report and Recommendation" or "Report" or "R&R") under Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Lance R.[2] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of Defendant Martin J. O'Malley, Commissioner of Social Security Administration ("Defendant" or "Commissioner"), denying her Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act"). The Magistrate Judge issued a Report and Recommendation on October 20, 2023, recommending the Commissioner's decision be affirmed. (DE 16.)

On November 13, 2023, Plaintiff filed an Objection to the Report and Recommendation, raising two main issues. First, Plaintiff questions whether "[t]he Magistrate Judge erroneously allow[ed] the ALJ's summary to stand in place the requisite discussion of which evidence the ALJ

---

[1]     Martin J. O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023. Accordingly, he is automatically substituted for Kilolo Kijakazi, Acting Commissioner of Social Security.

[2]     The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

found to support Rice's allegations and which he did not." (DE 20, p. 3.)    Secondly, Plaintiff

contends the Magistrate Judge did not address each of the reasons the ALJ provided for rejecting

Dr. Scott's multiple, consistent opinions "but instead essentially found that because the ALJ

considered Dr. Scott's treatment relationship and specialty, along with providing a summary of

the evidence, his decision was sound." (DE 20, p. 10.) Defendant filed a reply in opposition. (DE

23.) Having carefully considered Plaintiff's objection and the applicable law, the Court affirms

the decision of the Commissioner.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which

this Court incorporates here without a full recitation. (DE 16.) However, as a brief background

relating to the objections raised by the Commissioner, the Court provides this summary. Plaintiff,

who was 37 years old on the date of onset, August 2, 2010 (DE 8-6, p. 2), seeks DIB and SSI based

on complaints, among others, of numbness and pain in his right leg, pain in his lower back, and

burning in his right leg.[3] (Id. at 6.) Plaintiff has past relevant work as a manufacturing receiving

clerk/material handler (1997-2001), staffing agency laborer (2002-2003), manufacturing material

handler (2004-2007), and industrial supply unloader-receiving (2007-Aug. 2010). (Id. at 7.)

On July 6, 2012, Plaintiff protectively filed applications for DIB and SSI, alleging a

disability onset date of August 2, 2010. (DE 8-5, pp. 2-14.) His applications were denied initially

(DE 8-3, pp. 28-29) and on reconsideration (DE 8-3, pp. 54-57). Plaintiff appealed several

---

[3]     In his 2016 Disability Report-Adult Plaintiff listed his medical conditions as chronic back pain,
numbness in right thigh, burning in right leg, neuropathy in feet, limited use and pain in right shoulder,
occasional left leg numbness, depression, and severe sleep apnea. (DE 8-12, p. 24.) In his 2019 Disability
Report-Adult Plaintiff listed his medical conditions as COPD; mental health issues; back, hand, and hip
problems; sleep apnea; neuropathy; diabetes; obesity; shoulder problems; edema; and numbness in feet and
legs. (DE 8-18, p. 65.)

unfavorable decisions, and there were several administrative hearings. Administrative Law Judge ("ALJ") Gregory M. Wilson conducted Plaintiff's third administrative hearing on August 26, 2021. (DE 8-14, pp. 51-84.) ALJ Wilson issued his decision denying Plaintiff's claim on November 3, 2021. (Id. at 14-34.) Plaintiff filed Written Exceptions to the ALJ's decision with the Appeals Council. (DE 8-16, pp. 112-117.) On July 15, 2022, the Appeals Council declined to assume jurisdiction, thereby making the ALJ's November 2021 decision the final decision of the Commissioner. (DE 8-14, pp. 2-7.) Plaintiff filed a new civil action with this Court on September 1, 2022, seeking review of the Commissioner's final decision after remand. (DE 1.)

## LEGAL STANDARD

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. See 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent any specific objection, the court only reviews the report and recommendation for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is limited. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to

any fact, if supported by substantial evidence, shall be conclusive . . . ."[4]  42 U.S.C. § 405(g).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through the application of the correct legal standard.  See Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005).  This standard precludes a de novo review of the factual circumstances that substitute the court's findings for those of the Commissioner.  See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  Vitek, 438 F.2d at 1157-58.  However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ."  Johnson, 434 F.3d at 653.  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## DISCUSSION

Plaintiff objects to the Report and Recommendation questioning whether 1) "[t]he Magistrate Judge erroneously allow[ed] the ALJ's summary to stand in place the requisite discussion of which evidence the ALJ found to support Rice's allegations and which he did not" (DE 20, p. 3), and 2) whether the Magistrate Judge did not address each of the reasons the ALJ provided for rejecting Dr. Scott's multiple, consistent opinions "but instead essentially found that

---

[4]     "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).  "It means—and means only— "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

because the ALJ considered Dr. Scott's treatment relationship and specialty, along with providing a summary of the evidence, his decision was sound." (DE 20, p. 10.) The Court disagrees with both assertions. Here, the ALJ did more than summarize Plaintiff's treatment and explained how he evaluated Plaintiff's subjective complaints. He discussed the consistency of Plaintiff's subjective limitations with the totality of the evidence and the degree to which Plaintiff's allegations could be accepted. (DE 8-14, p. 26.) Specifically, the ALJ stated, "Physicians statements and remarks in the treatment, examination, and reviewing notes help to define the limitations in the residual functional capacity and support the weight given to various opinions and the claimant's subjective allegations." (Id.)

Accordingly, the ALJ credited Plaintiff's allegations to the extent the evidence supported them. For example, he found Plaintiff could no longer perform his past relevant work (id. at 34-35). He also found Plaintiff could only perform unskilled, light work with additional postural, environmental, manipulative, and mental functional limitations. (Id. at 22-23.) The ALJ properly explained that no one factor independently detracted from Plaintiff's statements; the overall evidence only partially supported Plaintiff's statements because it established that Plaintiff remained capable of performing the work described in the RFC (id. at 26). He explained that upon reviewing all the relevant evidence, Plaintiff was limited to the degree reflected in the RFC and not to the degree he claimed. (Id. at 24, 26.) "As required by SSR 16-3p, the ALJ examined the entire case record, including the objective medical evidence; treatment and medication; Plaintiff's daily activities; Plaintiff's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the record" and cited evidence to support his evaluation of Plaintiff's allegations. Thus, the Court overrules Plaintiff's objection.

Similarly, the Magistrate Judge comprehensively and ably addressed the reasons the ALJ provided for rejecting Dr. Scott's multiple, consistent opinions.  For example, the Report states,

> The ALJ then outlined the objective medical evidence and Plaintiff's subjective statements beginning in 2010 with his right knee surgery, imaging revealing lumbar spine issues, and EMG testing of his lateral femoral nerve. Tr. 989. The ALJ addressed Plaintiff's functionality and his complaints to his orthopedist of pain in his right lower extremity and low back. Id. The ALJ continued his assessment of the medical evidence in 2011 and 2012, including complaints made to treating and consultative medical providers. Id. While the ALJ noted that Plaintiff endorsed pain in different areas of his body, he also noted that Plaintiff 'had a basically normal gait, normal station, negative straight leg raise, 5 of 5 grip strength, normal fine manipulation, normal motor function, and otherwise normal range of motion.' Id. The ALJ noted that Plaintiff reported that he could cook, wash dishes, shop, mow the lawn, and drive. Id. (citing September 2012 consultative  examination by Dr. David Holt at Ex. 6F). However, the ALJ failed to note that Plaintiff indicated to Dr. Holt that he performed these activities "while experiencing pain." Tr. 328. The ALJ continued his assessment by discussing Plaintiff's physical and mental complaints, diagnostic test results, examination results and treatment, and his physician- and self-reported functionality from 2013 through 2021. Tr. 990-91.

In light of the Report's specific discussion regarding the ALJ's findings, the Court overrules this objection.

## CONCLUSION

For these reasons, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 9, 2024

6